IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

**ALEXIS CRUZ, et, al,**

    **Plaintiffs,**

v.

**ROBINS & MORTON, LLC,**

    **Defendant.**

                                /

**CASE No.:**
**DIVISION:**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ALEXIS CRUZ, et, al, by and through undersigned counsel, brings this action against Defendant, ROBINS & MORTON, LLC, and in support of their claims state as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00, exclusive of interest, fees, and costs, for violations of 42 U.S.C. § 1981, ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e et seq., and the Florida Civil Rights Act of 1992, as amended, ("FCRA"), Fla. Stat. Section 760.01 et seq.

2. Venue is proper in Polk County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff, ALEXIS CRUZ, is a resident of Orange County, Florida.

4. Plaintiff, HECTOR BRACERO, is a resident of Orange County, Florida.

5. Plaintiff, HAROLD MARTINEZ, is a resident of Polk County, Florida.

6. Plaintiff, ROBERTO RAMOS, is a resident of Polk County, Florida.

7. Plaintiff, ROBERTO MOCTEZUMA, is a resident of Osceola County, Florida.

8. Plaintiff, JOSE SANTIAGO, is a resident of Osceola County, Florida.

9. Plaintiff, ORLANDO MEDINA, is a resident of Hillsborough County, Florida.

10. Plaintiff, JUAN MORALES, is a resident of Marion County, Florida.

11. Defendant operates a construction and engineering company in Mulberry, in Polk County, Florida.

## GENERAL ALLEGATIONS

12. Plaintiffs have satisfied all conditions precedent, or they have been waived.

13. Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

14. Plaintiffs request a jury trial for all issues so triable.

15. Plaintiffs are members of a protected class of persons under Section 1981.

16. Plaintiff were employees whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

17. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

18. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiffs' protected rights under Section 1981.

19. Plaintiffs are members of a protected class, and on account of their protected status, Plaintiffs benefit from the protections of Title VII and the FCRA.

20. At all times material hereto, Plaintiffs were employees of Defendant within the meaning of Title VII and the FCRA.

21. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

## FACTS

22. Plaintiffs are all Hispanic males.

23. Plaintiff, ALEXIS CRUZ, began working for Defendant as a pipefitter in May 2015, and he worked in this capacity until November 2015.

24. Plaintiff, HECTOR BRACERO, began working for Defendant as a welder in October 2015, and he worked in this capacity until November 2015.

25. Plaintiff, HAROLD MARTINEZ, began working for Defendant as a welder in August 2015, and he worked in this capacity until November 2015.

26. Plaintiff, ROBERTO RAMOS, began working for Defendant as a pipefitter in May 2015, and he worked in this capacity until November 2015.

27. Plaintiff, ROBERTO MOCTEZUMA, began working for Defendant as a pipefitter in August 2015, and he worked in this capacity until November 2015.

28. Plaintiff, JOSE SANTIAGO, began working for Defendant as a foreman supervisor in August 2015, and he worked in this capacity until November 2015.

29. Plaintiff, ORLANDO MEDINA, began working for Defendant as an assistant pipefitter in June 2015, and he worked in this capacity until November 2015.

30. Plaintiff, JUAN MORALES, began working for Defendant as a pipefitter in April 2015, and he worked in this capacity until November 2015.

31. Plaintiffs performed the duties of their positions with Defendant in a satisfactory manner.

32. Plaintiffs are members of a protected class, and as such benefits from the protections of Section 1981, Title VII and the FCRA.

33. Plaintiffs were subjected to disparate treatment on the basis of their race and national origin.

34. Plaintiffs complained to Defendant about the discrimination and disparate treatment that they were suffering at work.

35. After Plaintiffs complained to Defendant about the discrimination that they were suffering at work, Defendant took no remedial action.

36. In November 2015, Defendant terminated Plaintiffs solely because of Plaintiffs' race and national origin.

37. After Plaintiffs complained about Defendant's discrimination and disparate treatment, Defendant retaliated against Plaintiffs by terminating their employment.

### COUNT I – 42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

38. Plaintiffs reallege and readopt the allegations of Paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

39. Plaintiffs are a members of a protected class of persons under Section 1981.

40. Plaintiffs were subjected to disparate treatment by Defendant, based solely on Plaintiffs' race.

41. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

42. Defendant's actions were willful and done with malice.

43. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiffs, Plaintiffs have suffered and will continue to experience pain

4

and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

44. Plaintiffs were injured due to Defendant's violations of Section 1981, for which Plaintiffs are entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiffs demand:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiffs were unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiffs to positions comparable to their prior positions, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT II — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

45. Plaintiffs reallege and readopt the allegations of Paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

46. Plaintiffs are a member of a protected class of persons under Section 1981.

47. By Plaintiffs complaining of racial discrimination in the workplace, Plaintiffs engaged in protected activity under Section 1981.

48. Defendant retaliated against Plaintiffs for engaging in protected activity under Section 1981 by terminating Plaintiffs' employment.

49. Defendant's actions were willful and done with malice.

50. Defendant's retaliation was based solely on Plaintiffs' exercise of their rights to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

51. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiffs, Plaintiffs have suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

52. Plaintiffs were injured due to Defendant's violations of Section 1981, for which Plaintiffs are entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiffs demand:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiffs were unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

 (f) Reinstatement of Plaintiffs to positions comparable to their prior positions, or in the alternative, front pay;

 (g) Prejudgment interest on all monetary recovery obtained;

 (h) All costs and attorney's fees incurred in prosecuting these claims; and

 (i) For such further relief as this Court deems just and equitable.

**COUNT III – TITLE VII VIOLATION**
**(RACE AND NATIONAL ORIGIN DISCRIMINATION)**

53. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

54. Plaintiffs are members of a protected class under Title VII.

55. Plaintiffs were subjected to disparate treatment on the basis of their race and national origin.

56. Defendant knew or should have known of the disparate treatment suffered by Plaintiffs, and failed to intervene or to take prompt and effective remedial action in response.

57. Defendant's actions were willful and done with malice.

58. Plaintiffs were injured due to Defendant's violations of Title VII, for which Plaintiffs are entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiffs demand:

 a) A jury trial on all issues so triable;

 b) That process issue and that this Court take jurisdiction over the case;

 c) An injunction restraining continued violation of Title VII by Defendant;

 d) Compensation for lost wages, benefits, and other remuneration;

 e) Reinstatement of Plaintiffs to positions comparable to Plaintiffs' prior positions, or in the alternative, front pay;

  f) Any other compensatory damages, including emotional distress, allowable at law;

  g) Punitive damages;

  h) Prejudgment interest on all monetary recovery obtained.

  i) All costs and attorney's fees incurred in prosecuting these claims; and

  j) For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII RETALIATION

59. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

60. Plaintiffs are members of a protected class under Title VII.

61. Plaintiffs exercised or attempted to exercise their rights under Title VII, thereby engaging in protected activity under Title VII.

62. Defendant retaliated against Plaintiffs for engaging in protected activity under Title VII by terminating Plaintiffs' employment.

63. Defendant's actions were willful and done with malice.

64. In terminating Plaintiffs' employment, Defendant took material adverse action against Plaintiffs.

65. Plaintiffs were injured due to Defendant's violations of Title VII, for which Plaintiffs are entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiffs demand:

  a) A jury trial on all issues so triable;

  b) That process issue and that this Court take jurisdiction over the case;

 c)  That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiffs for exercising their rights under Title VII;

 d)  That this Court enter an injunction restraining continued violation of Title VII by Defendant;

 e)  Compensation for lost wages, benefits, and other remuneration;

 f)  Reinstatement of Plaintiffs to positions comparable to Plaintiffs' prior positions, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

 g)  Front pay;

 h)  Any other compensatory damages, including emotional distress, allowable at law;

 i)  Punitive damages;

 j)  Prejudgment interest on all monetary recovery obtained.

 k)  All costs and attorney's fees incurred in prosecuting these claims; and

 l)  For such further relief as this Court deems just and equitable.

### COUNT V – FCRA VIOLATION
### (RACE AND NATIONAL ORIGIN DISCRIMINATION)

66. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

67. Plaintiffs are members of a protected class under the FCRA.

68. Plaintiffs were subjected to disparate treatment on account of their race and national origin.

69. Defendant's actions were willful and done with malice.

2017CA-000791-0000-00  Received in Polk 03/06/2017 10:19 AM

70. Plaintiffs were injured due to Defendant's violations of the FCRA, for which they is entitled to relief.

**WHEREFORE**, Plaintiffs demand:

a) A jury trial on all issues so triable;

b) That process issue and this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiffs to a position comparable to their prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

71. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

72. Plaintiffs are members of a protected class under the FCRA.

73. Plaintiffs engaged in protected activity under the FCRA by complaining about the disparate treatment.

74. Defendant retaliated against Plaintiffs for engaging in protected activity under the FCRA by terminating Plaintiffs' employment.

75. Defendant's actions were willful and done with malice.

10

76. By terminating Plaintiffs' employment, Defendant took material adverse action against Plaintiffs.

77. Plaintiffs were injured due to Defendant's violations of the FCRA, for which Plaintiffs are entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiffs demand:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiffs' rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiffs to positions comparable to their prior positions, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

2017CA-000791-0000-00   Received in Polk 03/06/2017 10:19 AM

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this ___ day of March, 2017.

>  Respectfully submitted,
>
>  /s/ Brandon J. Hill
>  **BRANDON J. HILL**
>  Florida Bar Number: 0037061
>  **WENZEL FENTON CABASSA, P.A.**
>  1110 N. Florida Avenue
>  Suite 300
>  Tampa, Florida 33602
>  Main Number: 813-224-0431
>  Direct Dial: 813-337-7992
>  Facsimile: 813-229-8712
>  Email: bhill@wfclaw.com
>  Email: mk@wfclaw.com
>  **Attorneys for Plaintiff**